United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 6, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

------------------

No. 06-40025
Summary Calendar

------------------

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

ROLANDO MOLINA

Defendant-Appellant.

------------------

**Appeal from the United States District Court
for the Southern District of Texas
(2:05-CV-536)
(2:94-CR-199-4)**

------------------

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Having been granted a certificate of appealability, Rolando Molina contests the dismissal, as successive, of his 28 U.S.C. § 2255 motion challenging the district court's 2005 amended judgment of conviction.

As reflected in the record, the district court intended to impose a supervised-release term of more than one year for counts one and two. *See **United States v. De La Pena-Juarez***, 214 F.3d 594, 601 (5th Cir. 2000) (when a written sentence and oral pronouncement

------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conflict, the oral pronouncement generally governs, but "it is the district court's intention that ultimately determines the final judgment"). The district court was statutorily mandated to impose a specific term of release for each count. 21 U.S.C. § 841(b)(1)(A)(i), (b)(1)(B)(ii)(II). There was an ambiguity between the oral and written judgments; therefore, the district court was authorized under Federal Rule of Criminal Procedure 36 to correct what was either "a clerical error in [the] judgment, ... or ... an error in the record arising from oversight or omission". FED. R. CRIM. P. 36; *see* **De La Pena-Juarez**, 214 F.3d at 601. Accordingly, the amended judgment merely modified the existing, original sentence, which Molina challenged under § 2255 in 1997. Therefore, his 2005 § 2255 motion was successive.

*AFFIRMED; MOTION TO EXPAND THE GRANT OF A CERTIFICATE OF APPEALABILITY DENIED*